■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. JOHNSON, Appellant. [698 NYS2d 768] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 11, 1996, convicting de-

fendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was charged with the crime of assault in the first degree following an incident in which he stabbed a supermarket manager with an ice pick while attempting to steal merchandise. At his arraignment, County Court denied defendant's request that his third court-appointed attorney be dismissed and a new attorney be assigned. Defendant reiterated the request at a later court appearance and again it was denied. Defendant subsequently entered a plea of guilty to the crime charged and was sentenced as a second violent felony offender to a determinate term of seven years in prison.

Defendant's main contention on this appeal is that he was denied the effective assistance of counsel. Based upon our review of the record, we disagree. It is well established that the "most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*id.*, at 147; *see, People v Rivera*, 71 NY2d 705, 708; *People v Powers*, 262 AD2d 713, 716, *lv denied* 93 NY2d 1005).

Defendant herein asserts that his attorney failed to obtain the suppression of inculpatory statements, object to an alleged inadequate predicate felony statement and sufficiently communicate with him during the course of the proceedings. Initially, the record discloses that defense counsel did make an omnibus motion which included a request for the suppression of statements made by defendant; however, defendant entered his plea of guilty prior to the suppression hearing. In addition, defendant has not articulated any meritorious basis for an objection to the predicate felony statement given his lengthy criminal record which he does not dispute. Lastly, although defendant complained to County Court that his attorney did not adequately communicate with him, defense counsel disagreed and maintained that he conversed repeatedly with defendant. Defendant had voiced similar complaints about his other attorneys and County Court chose to credit defense counsel's statements over those of defendant. After considering all of the circumstances, we find no merit to defendant's claim that he was denied effective assistance of counsel.

Defendant's challenge to the adequacy of the predicate felony

statement has not been preserved for our review inasmuch as the allegations contained in the statement were not controverted when considered by County Court at sentencing (*see, People v Smith*, 73 NY2d 961; *People v Lenz*, 167 AD2d 625, *lv denied* 76 NY2d 1022). Furthermore, we do not agree with defendant's assertion that the sentence is harsh and excessive in light of defendant's extensive criminal record and the fact that the sentence was part of the plea bargain (*see, e.g., People v Wood*, 260 AD2d 726, *lv denied* 93 NY2d 982; *People v Lamica*, 245 AD2d 897, *lv denied* 91 NY2d 942).

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.