■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SAUNDERS, Appellant. [767 NYS2d 699]—Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 2, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

After accepting defendant's guilty plea to criminal possession of a weapon in the third degree, County Court sentenced defendant as a second felony offender to a prison term of three years, followed by three years of postrelease supervision. This sentence was to run concurrently with a previously imposed prison sentence of 7½ to 15 years. During the plea colloquy, defendant stated that the weapon in question was owned by his codefendant (who was driving defendant's car), the weapon was located under the seat that defendant was occupying, he had access to it and, together, both defendants possessed the weapon, although defendant was unaware that it was in the car.

On appeal, defendant contends that County Court should not have accepted his guilty plea as the allocution was insufficient to establish his commission of this crime. Defendant's failure to move before County Court either to withdraw his plea or to vacate the judgment of conviction precludes review of this issue unless defendant's recitation of the facts clearly casts significant doubt on his guilt or otherwise calls into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]). First, we are satisfied that the record clearly reveals the voluntary nature of the plea. Moreover, given the presumption found in Penal Law § 265.15 (3), we are of the view that the allocution does not cast significant doubt upon defendant's guilt.

Next, defendant contends that County Court failed to advise him of his right to controvert his status as a second felony offender (*see* CPL 400.21 [3]). Defendant's counsel, however, affirmatively stated that defendant did not "contradict the prior felony information." Defendant was given and rejected an opportunity to speak. We conclude that County Court substantially complied with the requirements of this section and defendant's assertions to the contrary are without merit (*see People v Stewart*, 307 AD2d 533 [2003]).

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.