■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PACHECO, Appellant. [778 NYS2d 327]—

Appeal from a judgment of the County Court of Ulster County

(Bruhn, J.), rendered May 9, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In March 2001, defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of an eight-count indictment. In accordance with the plea agreement, he was sentenced to 7½ years in prison, but was not advised prior to entering his plea that he would also be subject to a period of postrelease supervision at the conclusion of his incarceration. He now appeals.

The failure to advise defendant—prior to accepting his plea—that the agreed-upon prison sentence would be followed by a mandatory period of postrelease supervision pursuant to Penal Law § 70.45 requires that he be provided the opportunity to withdraw his plea under our decision in *People v Goss* (286 AD2d 180 [2001]). This remedy is appropriate—despite defendant's failure to make an appropriate motion before County Court—since the plea proceeding took place before our decision in that case and the decision was rendered during the pendency of defendant's appeal (*see People v Grose*, 2 AD3d 1211 [2003]; *People v Hazen*, 308 AD2d 637, 638 [2003]; *People v Vahedi*, 305 AD2d 866, 866 [2003]; *People v Jaworski*, 296 AD2d 597, 598 [2002]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.