■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND T. TATRO, Appellant. [778 NYS2d 575]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 20, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to criminal possession of a weapon in the third degree. As part of the plea agreement, defendant was promised a prison sentence of between two and five years depending on the extent to which he cooperated with the police. At sentencing, the District Attorney reported that defendant did not cooperate with the police as anticipated and, therefore, County Court sentenced him to a term of five years to be followed by a $1^{1}/_{2}$-year period of postrelease supervision. He now appeals.

Defendant contends that his plea was involuntary because he was confused about the "cooperation" he was required to provide in order to receive the two-year sentence. Initially, inasmuch as defendant has not moved to withdraw the plea or vacate the judgment of conviction, his challenge to the voluntariness of the plea is not preserved for our review (*see People v Saunders*, 2 AD3d 905, 905 [2003], *lv denied* 1 NY3d 634 [2004]; *People v Thomas*, 307 AD2d 592, 592 [2003], *lv denied* 100 NY2d 625 [2003]). Furthermore, we perceive no applicable exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Nevertheless, even if we were to consider defendant's claim, we would find it unavailing. The record discloses that County Court fully advised defendant of the consequences of entering a guilty plea and defendant indicated that he understood them. Defendant stated that he was not coerced or pressured into entering a plea and was doing so freely and voluntarily. Moreover, it is clear from the transcript of the plea proceedings that the "cooperation" to be provided by defendant was intended to encompass future information that he was going to supply to the police, not information which he had previously supplied. In any event, County Court clearly informed defendant on the record that the plea bargain included a sentencing range of two to five years. Inasmuch as his sentence was consistent with that promised, we find no reason to disturb the judgment of conviction.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.