THIRD DEPARTMENT, SEPTEMBER, 2004

(September 16, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. CAMPBELL, Appellant. [781 NYS2d 534]—

Appeals (1) from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 22, 1999, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, and (2) from a judgment of said court, rendered November 22, 1999, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

In satisfaction of indictment No. 99-109, defendant pleaded guilty to the crime of attempted burglary in the second degree. On the same day, defendant pleaded guilty to the crime of grand larceny in the fourth degree in satisfaction of indictment No. 99-115. In accordance with the negotiated plea agreement, defendant was sentenced as a second felony offender to concurrent prison terms of three years on the attempted burglary conviction and 2 to 4 years on the grand larceny conviction. Defendant appeals contending that, because he was not informed of the period of postrelease supervision in connection with the attempted burglary conviction, he be provided with the opportunity to withdraw his plea under our decision in *People v Goss* (286 AD2d 180 [2001]). As is conceded by the People, and our review of the record confirms, this remedy is appropriate in the interest of justice with respect to defendant's attempted burglary plea in satisfaction of indictment No. 99-109 since the plea proceeding took place prior to our decision in *People v Goss* (*supra*) (*see People v Pacheco*, 8 AD3d 822 [2004]; *People v Grose*, 2 AD3d 1211 [2003]). Inasmuch as defendant failed to raise any issues in his brief with respect to his grand larceny plea in satisfaction of indictment No. 99-115, the appeal from that judgment is deemed abandoned (*see People v Ciborowski*, 302 AD2d 620, 623 [2003], *lv denied* 100 NY2d 579 [2003]).

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment on indictment No. 99-109 is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision. Ordered that the judgment on indictment No. 99-115 is affirmed.