(March 31, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT CHARLES OCHS, Appellant. [792 NYS2d 248]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 20, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In satisfaction of an 11-count indictment, defendant pleaded guilty to the crime of burglary in the third degree. As part of the negotiated plea agreement, he was to receive a sentence of $3^1/_2$ to 7 years in prison as a second felony offender. Subsequently, defendant was sentenced, as a second felony offender, to 3 to 6 years in prison and now appeals.

Defendant's assertion that he was improperly sentenced as a second felony offender is not preserved for our review given his failure to timely controvert the allegations (see CPL 400.21 [3]; People v Smith, 73 NY2d 961, 962-963 [1989]; People v Bates, 299 AD2d 727, 729 [2002], lv denied 99 NY2d 626 [2003]; People v Johnson, 266 AD2d 728, 729-730 [1999], lv denied 94 NY2d 881 [2000]). In any event, although the predicate felony statement did not meet the technical requirements of CPL 400.21, defendant acknowledged during the plea hearing that he was

subject to sentencing as a second felony offender pursuant to the plea agreement and, as such, could not receive less than the minimum prescribed sentence for a second felony offender. Moreover, defense counsel consented to the second felony offender statement and admitted on behalf of defendant that the prior felony conviction was valid (*see* Penal Law § 70.06). As defendant received adequate notice and an opportunity to be heard with respect to the prior conviction, we find that there was substantial compliance with the statutory requirements (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Stewart*, 307 AD2d 533, 535-536 [2003]; *People v Chrysler*, 260 AD2d 945, 945 [1999]).

In light of defendant's admissions at the plea hearing, we are similarly unpersuaded by his contention that defense counsel's failure to challenge the second felony offender statement constituted ineffective assistance of counsel (*see People v Bachman*, 272 AD2d 718, 719 [2000], *lv denied* 95 NY2d 903 [2000]). Viewing the record as a whole, defense counsel provided meaningful representation and negotiated a favorable plea bargain that significantly reduced defendant's exposure to a lengthier prison term (*see People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]; *People v Barton*, 200 AD2d 888, 888 [1994], *lv denied* 83 NY2d 849 [1994]).

Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.