■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE COLLIER, Appellant. [827 NYS2d 319]—

Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 15, 2005, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging him with attempted robbery in the first degree. Under the terms of the plea agreement, defendant was to plead guilty to this crime, waive his right to appeal and be sentenced as a second violent felony offender to eight years in prison, to run consecutive to a sentence imposed upon another conviction in Albany County. In addition, orders of protection were to be issued. After defendant pleaded guilty to this crime and waived his right to appeal, he was sentenced in accordance with the plea agreement except that County Court also ordered him to serve five years of postrelease supervision. In addition, the Court issued four orders of protection. Defendant now appeals.

Initially, we find that defendant entered a valid waiver of his right to appeal which complied with the dictates of *People v Lopez* (6 NY3d 248, 256-257 [2006]). Consequently, we decline to review the severity of the sentence (*see id.*). Moreover, while County Court should have advised defendant at the time of the plea that the sentence would include a period of postrelease supervision (*see People v Goss*, 286 AD2d 180 [2001]), he has failed to preserve this issue by making an appropriate motion. We have only provided relief to defendants who have failed to

properly preserve this issue where the plea and sentence predated our decision in *People v Goss (supra) (see e.g. People v Boyce*, 12 AD3d 728, 729 [2004], *lv denied* 4 NY3d 741 [2004]; *People v Pacheco*, 8 AD3d 822, 823 [2004]), which is not the situation here.

Defendant further asserts that the second violent felony offender statement is defective for failure to comply with the provisions of CPL 400.15.* He, however, failed to preserve this issue by raising it before County Court (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Sachs*, 280 AD2d 966, 966 [2001], *lv denied* 96 NY2d 834 [2001]). Nevertheless, inasmuch as defendant freely acknowledged at the time that County Court read the statement at sentencing that he committed the prior felony described therein, we find that defendant waived his right to insist upon strict compliance with the statute and that, in any event, there was substantial compliance with the necessary requirements (*see e.g. People v Ochs*, 16 AD3d 971, 971-972 [2005]; *People v Kluck*, 156 AD2d 830, 831 [1989]).

Defendant also claims that the statement did not sufficiently establish that the prior felony qualified as a valid predicate violent felony within the meaning of Penal Law § 70.04. As this issue implicates defendant's right to be sentenced according to the law, it is not subject to the preservation rule (*see People v Stanley*, 12 AD3d 467, 467 [2004], *lv denied* 4 NY3d 891 [2005]). In this regard, the People concede that the statement did not set forth adequate tolled time such as to bring defendant's prior felony conviction within the 10-year period provided by Penal Law § 70.04 (1) (b) (iv). Given this defect, defendant is entitled to resentencing with further proceedings on his status as a second violent felony offender (*see People v Williams*, 294 AD2d 174, 175 [2002], *lv dismissed* 98 NY2d 714 [2002]; *People v Gines*, 284 AD2d 134, 135 [2001]).

Lastly, defendant argues that, with the exception of the order of protection that was issued in favor of the victim named in the SCI, the other orders of protection are beyond the scope of CPL 530.13 (4). While defendant has not preserved this issue due to his failure to object to the orders of protection when they were issued by County Court (*see People v Shampine*, 31 AD3d 1163, 1164 [2006]), we nevertheless exercise our interest of justice jurisdiction to modify the judgment. From the record in the case at hand, it appears that the victim named in the SCI is the only individual falling within the category of the persons in

---

* The People concede that the statement was improperly filed pursuant to CPL 400.21 instead of CPL 400.15, but since these provisions are substantially the same, we find this error to be harmless.

whose favor orders of protection are authorized under CPL 530.13 (4) (b). There is no indication that the other three individuals benefitting from the orders of protection were victims or members of the family or household of a victim (see CPL 530.13 [4] [b]; *People v Creighton*, 298 AD2d 774, 776 [2002]). Therefore, such orders must be vacated and the matter remitted to County Court for a determination of whether the individuals named therein are within the class of persons for whom such orders are authorized.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed and the orders of protection issued in favor of Ralph Schrader, Eric Anderson and Heidi S. Maurer; matter remitted to the County Court of Rensselaer County for resentencing and reconsideration of the orders of protection; and, as so modified, affirmed.

