■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BARRETT, Appellant. [834 NYS2d 574]— Spain, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 11, 2003, which revoked defendant's probation and imposed a sentence of imprisonment, (2) from a judgment of said court, rendered March 18, 2003, which vacated defendant's sentence of imprisonment and sentenced him to a term of probation, and (3) from a judgment of said court, rendered April 8, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2000, defendant was convicted of attempted burglary in the second degree and was sentenced to five years of probation and inpatient treatment. He subsequently violated the terms of

his probation on three separate occasions. With respect to the first two instances, defendant admitted the violations. After the first violation he was continued on probation and, after the second violation, he was sentenced to continuing probation and six months in jail.* In the third instance, defendant was found guilty of the violation following a hearing and was sentenced to five years in prison. Defendant now appeals.

We preliminarily note that, inasmuch as defendant has not raised any issues concerning the propriety of the February 2003 and March 2003 judgments, his appeals from those judgments are deemed abandoned (see People v Campbell, 10 AD3d 736, 737 [2004]). Turning to the April 2005 judgment, defendant's sole contention is that the imposition of the five-year prison term was harsh and excessive. We do not agree. In revoking defendant's probation and resentencing him to prison after the third violation, County Court fully considered his criminal history and long-term substance abuse, as well as his repeated, protracted inability to comply with the conditions of his probation despite having been provided with considerable leniency and multiple opportunities to do so. Under these circumstances, we cannot conclude that County Court abused its discretion, nor do we find that any extraordinary circumstances exist which would warrant a modification of the sentence, which was less than the maximum, in the interest of justice (see People v Drake, 36 AD3d 967, 968 [2007]; People v Walts, 34 AD3d 1043, 1044 [2006], lv denied 8 NY3d 850 [2007]; People v Medinilla, 279 AD2d 891 [2001], lv denied 96 NY2d 803 [2001]). Accordingly, the judgments are affirmed.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.

---

* Upon the first probation violation, defendant was originally sentenced to a term of imprisonment of 2⅓ to 7 years. That sentence, however, was later determined to be illegal and, as such, it was vacated and defendant was placed back on probation.