(December 20, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. WINCHELL, Appellant. [847 NYS2d 732]—

Mercure, J.P. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 23, 2006, upon a verdict convicting defendant of the crimes of robbery in the second degree, menacing in the third degree and assault in the third degree.

Defendant was charged in an indictment with various crimes arising out of an incident in which he and Bruce Joslyn threatened the victim and took money from him, and defendant "head-butted" the victim in the face. After a jury trial, defendant was convicted of robbery in the second degree, menacing in the third degree and assault in the third degree. He was sentenced to six years in prison to be followed by three years of postrelease supervision. Defendant now appeals, asserting that the verdict was against the weight of the evidence. We disagree.

Defendant argues that the evidence did not demonstrate that he possessed the requisite intent to rob the victim (*see* Penal Law § 160.10 [1]); rather, he maintains, the credible testimony supports a finding that he intended only to assault the victim. Further, defendant challenges the finding that the victim suffered a physical injury, an element of assault in the third degree (*see* Penal Law § 120.00 [1]; § 10.00 [9]), as being unsupported by the weight of the evidence. In reviewing the weight of the evidence, we must determine whether "a different finding would not have been unreasonable" and, if not, "then [we] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643-644 [2006]).

Here, the victim testified that defendant first blocked his way and then approached more closely as Joslyn demanded money. Defendant promised to leave the victim alone if he handed over his money. After the victim complied, defendant threatened to beat him up if he called the police. Viewing the evidence in a neutral light and according deference to the factfinder's opportunity to observe the testimony, we conclude that the jury properly credited the victim's testimony regarding defendant's participation in the robbery over the conflicting versions of the incident described by defendant and Joslyn. Thus, defendant's conviction of robbery in the second degree was not against the weight of the evidence (*see Matter of Juan J.*, 81 NY2d 739, 740-741 [1992]; *People v Mendez*, 34 AD3d 697, 698-699 [2006]; *Mat-*

*ter of Louis C.*, 6 AD3d 430, 431 [2004]; *cf. People v Morales*, 130 AD2d 366, 367-368 [1987]). Furthermore, in light of the victim's testimony that defendant's "head-butting" him caused a swollen nose and two black eyes and necessitated the use of painkillers for two weeks, we conclude that the conviction of assault in the third degree is not against the weight of the evidence despite the fact that the victim did not seek medical treatment (*see People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Henderson*, 92 NY2d 677, 680-681 [1999]; *People v Bowen*, 17 AD3d 1054, 1055-1056 [2005], *lv denied* 5 NY3d 759 [2005]; *People v Liggins*, 2 AD3d 1325, 1326 [2003]; *People v Morales*, 245 AD2d 467, 468 [1997], *lv denied* 92 NY2d 902 [1998]).*

We further reject defendant's argument that he was denied the effective assistance of counsel due to counsel's failure to move to dismiss for legal insufficiency and the decision to call Joslyn, who gave testimony that was inconsistent with defendant's version of the incident. "To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation . . . Further, . . . defendant must 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005] [citations omitted]). Calling Joslyn, whose testimony contradicted the victim's description of the event, reflects a reasonable, albeit unsuccessful strategy, and the argument that the evidence was legally insufficient "was not so compelling that a failure to make it amounted to ineffective assistance of counsel" (*People v Carter*, 7 NY3d 875, 877 [2006]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's challenges to the legal sufficiency of the evidence have not been preserved for this Court's review (*see e.g. People v White*, 41 AD3d 1036, 1037 [2007]) and reversal in the interest of justice is not warranted here.