■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON A. JONES, Appellant. [850 NYS2d 280]—Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 25, 2006, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to attempted rape in the first degree and waived his right to appeal. County Court thereafter sentenced him as a second violent felony offender to 13 years in prison and five years of postrelease supervision. Defendant now appeals.

Defendant contends that his sentence is illegal because County Court failed to comply with the statutory provisions

governing the sentencing of second violent felony offenders.* Specifically, he asserts that he was not advised of his right to controvert his prior conviction or asked if he wished to do so. The record, however, discloses that he was provided with a copy of the statement setting forth his prior felony and admitted to it during sentencing. Thus, we are satisfied that there was substantial compliance with the applicable statutory requirements (*see People v Ochs*, 16 AD3d 971, 972 [2005]). Accordingly, the judgment is affirmed.

Cardona, P.J., Carpinello, Rose, Lahtinen and Malone, JJ., concur. Ordered that the judgment is affirmed.

---

* While the People concede that the second violent felony offender statement was incorrectly filed pursuant to CPL 400.21 instead of CPL 400.15, we conclude that such defect was harmless given that the two statutes contain virtually identical procedural requirements (*see People v Collier*, 35 AD3d 1037, 1038 n [2006], *lv granted* 9 NY3d 841 [2007]).