(April 17, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHMOUD A. ABDALLAH, Appellant. [855 NYS2d 744]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 17, 2006, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In satisfaction of a seven-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the second degree and was sentenced, as a second felony offender, to a prison term of eight years, followed by five years of postrelease supervision.

Initially, defendant's contentions distill to a challenge to the knowing, voluntary and intelligent nature of his plea and that the sentence imposed was not in accordance with the plea agreement. His failure to move to withdraw his plea or vacate the judgment of conviction renders defendant's arguments unpreserved for our review (*see People v Adams*, 26 AD3d 597, 598 [2006], *lv denied* 7 NY3d 751 [2006]; *People v Thompson*, 193 AD2d 841, 842 [1993]). In any event, were we to reach these issues, we would find them without merit. A review of the record supports the conclusion that defendant entered a knowing, voluntary and intelligent plea of guilty with a full understanding of its consequences. Defendant's responses to County Court's questions belie his contention that he was rushed or misled into accepting the plea agreement (*see People v Douglas*, 38 AD3d

1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]). We would also find without merit defendant's contention that the sentence imposed violated the terms of the plea agreement. The court stated that "there is a possibility, but no promise" that any cooperation by defendant in a pending federal investigation against him could favorably impact the ultimate sentence imposed in the instant matter. However, the court clearly stated that pursuant to the plea agreement defendant could receive eight years in prison and five years of postrelease supervision.

Likewise, defendant failed to preserve his claim of ineffective assistance of counsel and nothing suggests that the alleged "careless representation at sentencing" impacted the voluntariness of his plea (*see People v Petgen*, 55 NY2d 529, 534-535 [1982]; *People v Justice*, 283 AD2d 665 [2001]). Finally, given defendant's criminal history, we are unpersuaded by defendant's argument that the bargained-for sentence was harsh and excessive (*see People v Sherald*, 45 AD3d 973 [2007], *lv denied* 10 NY3d 771 [2008]; *People v Guillermo*, 254 AD2d 527, 528 [1998], *lv denied* 92 NY2d 1032 [1998]).

Spain, Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.