■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CARPENTER, Appellant. [860 NYS2d 599]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered March 6, 2006, convicting him of reckless endangerment in the first degree, unauthorized use of a motor vehicle in the third degree, criminal contempt in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the Federal and New York State Constitutions, a defendant in a criminal proceeding has a due process right to testify in his own defense (*see United States v Dunnigan,* 507 US 87, 96 [1993]; *Rock v Arkansas,* 483 US 44, 51-52 [1987]; *People v Washington,* 145 AD2d 670 [1988]). In *Brown v Artuz* (124 F3d 73, 74 [1997], *cert denied* 522 US 1128 [1998]), the United States Court of Appeals for the Second Circuit held that "the decision whether a defendant should testify at trial is for the defendant to make, [and] that trial counsel's duty of effective assistance includes the responsibility to advise the defendant concerning the exercise of this constitutional right."

Contrary to the defendant's contention, his attorney did not preclude him from testifying in his own defense. Ultimately, after a colloquy among defense counsel, the court, and the defendant, the defendant voluntarily chose to follow the advice of his attorney and not testify (*cf. People v Mason,* 263 AD2d 73, 75 [2000]).

The defendant's challenge to the legal sufficiency of the evi-

dence regarding the conviction of reckless endangerment in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v McGrath*, 195 AD2d 831, 832-833 [1993]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt is not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that he was illegally sentenced as a second felony offender based on the People's failure to file a statement pursuant to CPL 400.21 (2) (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Simpson*, 35 AD3d 1182, 1183 [2006]). In any event, "[t]he People's failure to file a predicate statement was harmless, and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]) as the trial court was apprised of the defendant's prior conviction, and the defendant was provided with reasonable notice and an opportunity to be heard.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.