■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN M. FISHER, Appellant. [860 NYS2d 316]—

Kane, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered June 13, 2007, upon a verdict convicting defendant of the crimes of robbery in the third degree and criminal possession of a weapon in the third degree.

Following an incident where defendant stole an item from a Price Chopper grocery store and pulled a knife on a security employee while fleeing from the scene, defendant was charged with robbery in the first degree and criminal possession of a weapon in the third degree. At trial, the jury acquitted him of robbery in the first degree, but convicted him of the lesser included crime of robbery in the third degree, as well as criminal possession of a weapon in the third degree. Defendant appeals.

The convictions are supported by legally sufficient evidence and are in accord with the weight of the evidence. A defendant is guilty of robbery in the third degree when he or she forcibly steals property (see Penal Law § 160.05). As relevant here, a defendant is guilty of criminal possession of a weapon in the third degree when he or she possesses a dangerous knife with the intent to use it unlawfully against another person and the de-

fendant has previously been convicted of any crime (*see* Penal Law § 265.02 [1]). Defendant conceded his previous criminal conviction. Surveillance videos showed defendant placing a container of potato chips down his pants and attempting to leave the store without paying for them, as well as part of his struggle with the security employee. That employee testified that when he tried to prevent defendant from leaving, defendant pushed past him causing a scratch to the employee. The security employee and another employee testified that during the ensuing foot chase through the parking lot they heard defendant say that he had a knife; he then produced it, opened the blade and swung it at the security employee. This evidence was legally sufficient to support both convictions (*see People v Rivera*, 42 AD3d 587, 589 [2007], *lv denied* 9 NY3d 880 [2007]; *People v Woodridge*, 30 AD3d 898, 900 [2006], *lv denied* 7 NY3d 852 [2006]).

Defendant contended that no knife was ever recovered and the employees must have mistaken his prescription inhaler for a knife. The two-hour window between the incident and defendant's arrest left ample time for him to discard the weapon. The security employee testified that he had asthma as a child and was familiar with inhalers. Both employees described in detail the knife they saw defendant produce. Viewing the evidence in a neutral light and giving deference to the jury's credibility determinations, the convictions were not against the weight of the evidence (*see People v Winchell*, 46 AD3d 1096, 1097-1098 [2007], *lv denied* 10 NY3d 818 [2008]; *People v Valderrama*, 285 AD2d 902, 904 [2001], *lv denied* 97 NY2d 659 [2001]).

Defendant now argues that the jury's verdict acquitting him of robbery in the first degree was inconsistent with his conviction of criminal possession of a weapon. This argument is unpreserved for appellate review. Defendant failed to raise the argument prior to the discharge of the jury, at a time when County Court could address any error (*see People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007]; *People v St. Paul*, 3 AD3d 604, 605 [2004], *lv denied* 2 NY3d 765 [2004], 5 NY3d 766 [2005]). Additionally, the court received a negative response from defense counsel when it specifically inquired whether counsel saw any inconsistency in the verdicts. We decline to exercise our interest of justice jurisdiction with respect to this unpreserved matter.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.