■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR L. ELLIS, Appellant. [861 NYS2d 485]—

Cardona, P.J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 19, 2006, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered November 16, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, waiving his right to appeal, pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced, as a second felony offender, in accordance with the plea agreement to a prison term of 3 to 6 years. Thereafter, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. County Court denied the motion without a hearing. Defendant appeals from both the judgment of conviction and, by permission of this Court, the order denying his postjudgment motion.

Initially, defendant contends that he was illegally sentenced as a second felony offender given County Court's failure to strictly comply with the provisions of CPL 400.21 (3). Inasmuch as this contention implicates the legality of the sentence imposed, it is not precluded by defendant's waiver of his right to appeal (*see People v Ladson*, 30 AD3d 836, 837 [2006], *lv denied* 7 NY3d 814 [2006]). In any event, the record establishes that defendant, in connection with the plea agreement, was clearly advised that he would be sentenced as a second felony offender and, when asked by the court, defense counsel, on behalf of defendant, admitted the prior felony conviction. Accordingly, inasmuch as there was substantial compliance with the statutory requirements that defendant receive adequate notice and an opportunity to contest the prior felony conviction, defendant was properly sentenced as a second felony offender (*see People v Ochs*, 16 AD3d 971, 972 [2005]; *People v Saunders*, 2 AD3d 905, 906 [2003], *lv denied* 1 NY3d 634 [2004]).

Turning to defendant's CPL 440.10 motion premised on the ineffective assistance of counsel, we find no error in County Court's denial of the motion without a hearing. We first note that the judge deciding the motion also presided over the underlying proceeding and was familiar with this matter (*see People v Robetoy*, 48 AD3d 881, 883 [2008]; *People v Demetsenare*, 14 AD3d 792, 793 [2005]). Moreover, the affidavits submitted in support of the motion do not set forth sufficient facts entitling defendant to a hearing (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Harris*, 131 AD2d 142, 144 [1987]).

Peters, Spain and Stein, JJ., concur. Ordered that the judgment and order are affirmed.