■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANA A. HERNANDEZ, Appellant. [878 NYS2d 819]—

McCarthy, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered October 26, 2007, convicting defendant upon her plea of guilty of the crimes of criminal possession of a forged instrument in the second degree (17 counts), grand larceny in the third degree and grand larceny in the fourth degree (two counts).

In satisfaction of a 22-count indictment, defendant agreed to plead guilty to multiple counts of criminal possession of a forged instrument in the second degree and grand larceny in the third and fourth degrees. The plea was entered with the understanding that defendant would be sentenced as a second felony offender and that she would receive the minimum sentence of 2 to 4 years in prison for each conviction. It was further agreed that defendant would have the opportunity, prior to sentencing, to advocate for placement in a particular drug treatment program under parole supervision in lieu of prison time (*see* CPL 410.91). At sentencing, the prosecutor informed County Court that the People could not consent to this alternative sentence because defendant was not eligible for drug treatment because she did not have a controlled substance dependence. Defendant was thus sentenced to concurrent prison terms of 2 to 4 years. She now appeals.

Defendant first claims that the agreed-upon sentence is invalid because the People failed to file a predicate felony statement and because she never agreed to be sentenced as a second felony offender. The plea was entered into with the express understanding that there would be an "admission to the predicate felony." To this end, defense counsel expressly acknowledged that defendant was "willing to admit she's a predicate felon." Moreover, when County Court inquired about "the details of the . . . predicate felony," the prosecutor outlined the

crime, its conviction date and the jurisdiction in which it was committed. Defendant admitted the prior conviction and confirmed that there was no pending appeal or legal challenge to it. She also waived the right to assert a legal challenge to this conviction. Under these circumstances, we find that there was substantial compliance with the statutory requirements of CPL 400.21, i.e., "apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]). The People's failure to thereafter file a predicate felony statement was therefore harmless (*see id.* at 1142; *see also People v Carpenter*, 52 AD3d 729, 730 [2008], *lv denied* 11 NY3d 830 [2008]), and defendant was properly sentenced as a second felony offender (*see People v Ellis*, 53 AD3d 776, 777 [2008]).

Defendant also argues that the People violated CPL 410.91 (4) by failing to inform her "at the time of her plea" that they would not consent to a sentence of parole supervision and County Court "led her to believe" that she would receive this sentence. To the extent these arguments are preserved for our review (*see e.g. People v Abdallah*, 50 AD3d 1312 [2008]), we find each to be without merit. The record makes clear that the People's lack of a stated position on consent to parole supervision at the time of the plea itself was to permit defendant additional time to advocate for it. To this end, defense counsel stated his intention to present the People with "information" on this issue and advised that "we'll see where we can go with that." Thus, defendant's present claim that the People violated CPL 410.91 (4) by not taking a position until sentencing is disingenuous and, in any event, without merit (*see People v Rodriguez*, 275 AD2d 861 [2000], *lv denied* 96 NY2d 738 [2001]).

Furthermore, while the Assistant District Attorney agreed to discuss parole supervision, neither he nor County Court made any promises on the issue. In pleading guilty, defendant acknowledged that no promises had been made to her "other than what [was discussed] in open court." She further acknowledged that a sentence of parole supervision was dependent "on the outcome of . . . discussions." At sentencing, the Assistant District Attorney indicated, without contradiction, that discussions had in fact taken place but that, ultimately, defendant was simply not eligible for the drug treatment program because she was not dependent on a controlled substance (*see* CPL 410.91). Under these circumstances, we find no merit to the claim that she was somehow misled about her sentence.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.