■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX J. CALIFANO, Appellant. [923 NYS2d 299]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered November 30, 2009, convicting defendant following a nonjury trial of the crime of criminal possession of a weapon in the third degree.

Defendant was charged with criminal possession of a weapon in the third degree and menacing a police officer after he allegedly pursued a crowd of people with a knife outside of a club in the Village of Endicott, Broome County. Following a nonjury

trial, defendant was acquitted of the menacing charge, but found guilty of the weapon possession charge, and sentenced as a second felony offender to 3 to 6 years in prison. Defendant now appeals, and we affirm.

Defendant contends that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence, specifically claiming that his possession of the knife was both temporary and lawful and that, due to intoxication, he was unable to form the requisite intent to use the knife unlawfully. By making only a general motion to dismiss at trial, defendant failed to preserve his contention regarding the legal sufficiency of the evidence (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Adamek*, 69 AD3d 979, 980 [2010], *lv denied* 14 NY3d 797 [2010]). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict is supported by the weight of the credible evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

In order to convict defendant of criminal possession of a weapon in the third degree, the People were required to prove that he possessed a knife with the intent to use it unlawfully against another (*see* Penal Law § 265.02 [1]; § 265.01 [2]). The trial testimony established that, while defendant and two friends were at the club, a fight broke out causing approximately 50 to 60 individuals to flee onto the street. While outside, defendant was cut on his face by an unknown person. Robert Snover, a bouncer at the club who was present at the time of the events and an acquaintance of defendant, testified that an unidentified male then ran up to defendant, handed him a knife and indicated that the person who had cut him ran in the direction of the parking lot. Defendant started running in front of the entrance to the club, screaming "who, who, who? I'll cut you," at which point Snover indicated to defendant that it "wouldn't be a good idea." According to Snover, defendant looked back at him, turned and ran towards the parking lot "swinging wildly." When the police arrived moments later, they observed defendant holding a knife in his right hand while chasing a group of people who were "scrambling" and attempting to flee from defendant. At that point, the officers drew their weapons, repeatedly instructed defendant to drop the knife and, after defendant finally acceded to their requests, subdued him. Although Carlos Carreras, a friend who attended the club with defendant, and Elizabeth Trent, an acquaintance of defendant, provided an entirely different version of the events that transpired, testifying that defendant only picked up the knife momentarily after it dropped from his assailant's hands, County

Court—as the trier of fact—was free to reject this testimony in favor of that of the People's witnesses (*see People v Malcolm*, 74 AD3d 1483, 1485 [2010], *lv denied* 15 NY3d 954 [2010]; *People v Britton*, 27 AD3d 1014, 1015 [2006], *lv denied* 6 NY3d 892 [2006]; *People v Bradley*, 272 AD2d 635, 636 [2000]). According deference to those credibility determinations and evaluating the evidence in a neutral light (*see People v Vasquez*, 71 AD3d 1179, 1180 [2010], *lv denied* 14 NY3d 894 [2010]; *People v Rosa*, 57 AD3d 1018, 1020 [2008], *lv denied* 12 NY3d 762 [2009]), County Court's finding that defendant's possession of the knife was unlawful is not contrary to the weight of the evidence (*see People v Trueluck*, 284 AD2d 194, 195 [2001], *lv denied* 96 NY2d 925 [2001]).

Turning to defendant's intoxication argument, whether an individual's level of intoxication renders him or her unable to form the requisite intent presents questions of fact and credibility for the trier of fact to resolve (*see People v Scott*, 47 AD3d 1016, 1018 [2008], *lv denied* 10 NY3d 870 [2008]; *People v Clark*, 241 AD2d 710, 711 [1997], *lv denied* 90 NY2d 1010 [1997]). Testimony was presented that defendant drank a bottle of champagne, several shots and a number of mixed drinks in the four hours prior to the fight that broke out, and defendant explained that he had no memory of the events that transpired that evening outside of the club. Several other defense witnesses testified regarding defendant's visible intoxication on the evening at issue and the following morning. However, County Court also heard testimony from the club's bouncers, including Snover, who explained that defendant was fully functional, aware of his surroundings and showed no signs of slurring, stumbling or walking improperly. Likewise, the arresting officers described defendant as coherent, responsive and in control of his motor coordination. On this record, we cannot say that County Court failed to accord the evidence its proper weight in determining the extent of defendant's intoxication (*see People v Scott*, 47 AD3d at 1018-1019; *People v Hazen*, 20 AD3d 586, 588-589 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Stewart*, 296 AD2d 587, 588 [2002]).

Finally, by failing to object at sentencing, defendant failed to preserve his contention that he was improperly sentenced as a second felony offender (*see People v Atkinson*, 58 AD3d 943, 944 [2009]; *People v Robertson*, 53 AD3d 791, 793 [2008], *lv denied* 11 NY3d 857 [2008]). In any event, the record reveals that, prior to sentencing, defendant admitted to the prior felony conviction and was made aware that he would be subject to sentencing as a second felony offender. At sentencing, defense

counsel was provided with a predicate felony statement and admitted, on behalf of defendant, that defendant was the person convicted of the prior felony and that the prior felony conviction was neither illegally nor unconstitutionally obtained. Furthermore, defendant makes no challenge to the validity of the prior conviction. Based upon these circumstances, we find substantial compliance with CPL 400.21 (3) and the court's failure to inquire as to whether defendant wished to controvert the allegations of the statement was harmless oversight (*see People v Ellis*, 53 AD3d 776, 777 [2008]; *People v Saddlemire*, 50 AD3d 1317, 1317 [2008]; *People v Ochs*, 16 AD3d 971, 971-972 [2005]).

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.