■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN F. PURVIS, Appellant. [935 NYS2d 212]—

Spain, J.

Defendant was charged in an indictment with criminal possession of a weapon in the third degree, menacing in the second degree and harassment in the second degree after he allegedly waived a box cutter at a store clerk and threatened to kill him and cut his throat after an argument at a convenience store in the City of Albany. Following a jury trial at which two store clerks, defendant and a friend testified, offering conflicting accounts of the incident, defendant was convicted of the criminal possession charge but acquitted of the other charges. Sentenced to 2½ to 5 years in prison as a second felony offender, defendant appeals, and we affirm.

Defendant contends that the conviction is not based upon legally sufficient evidence and is against the weight of the evidence because he never deployed or opened the blade from its handle, he exited the store voluntarily after the confrontation in which the clerk threatened him with a bat, and his intent to use the blade unlawfully against the clerk was not demonstrated. In order to convict defendant of criminal possession of a weapon in the third degree, the People were required to prove, beyond a reasonable doubt, that he possessed the box cutter with intent to use it unlawfully against another (*see* Penal Law

§ 265.02 [1]; § 265.01 [2]). The store clerk testified that defendant, who he knew from regular visits, entered the store, put a magazine in his pocket and headed for the door without paying for it. The clerk directed defendant to return the magazine, defendant refused, cursing at him, and then the clerk called defendant a disparaging name. Defendant put the magazine down and left the store, returning minutes later, and waived the box cutter at the clerk, who was behind the counter with a coworker; defendant came within about one foot of the clerk, threatening to "kill [him]" and "cut his throat." The coworker picked up a bat for protection while the clerk called police, and defendant left the store. Minutes later, responding police came upon defendant one-half block away near his home and observed him throw an object to the ground; police recovered a closed lime-green box cutter at that location and arrested defendant.

The coworker similarly testified that defendant, who he knew, entered the store with several friends and, while yelling, threatened to kill the clerk while displaying what he observed to be a knife, the silver or front portion extending about three inches beyond defendant's hand. The coworker then picked up a bat to deter defendant. A video recording from the store's surveillance cameras taken of the incident from the time defendant reentered the store was played for the jury at trial, showing that portion of the incident (without sound) from several angles.

Viewing the foregoing evidence in a light most favorable to the People, there was a valid line of reasoning and permissible inferences to lead rational persons to the conclusion reached by the jury that defendant possessed the box cutter with intent to use it unlawfully against another (*see People v Rossey*, 89 NY2d 970, 971-972 [1997]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The manner in which defendant, upon reentering the store, advanced toward the clerks and brandished the box cutter, coming in close proximity, and threatened to harm or kill the clerk, supports the jury's conclusion that defendant intended to use the weapon in an unlawful manner (*see People v Fisher*, 52 AD3d 1120, 1120-1121 [2008], *lv denied* 11 NY3d 832 [2008]; *People v Jackson*, 38 AD3d 1052, 1054 [2007], *lv denied* 8 NY3d 986 [2007]; *People v Holland*, 279 AD2d 645, 646 [2001], *lv denied* 96 NY2d 801 [2001]).

Defendant's challenge to the jury's verdict as contrary to the weight of credible evidence focuses particularly on its finding regarding his intent in possessing and displaying the box cutter. While defendant and his friend provided a different version of the incident, the jury was able to assess their credibility and the

accuracy of their account and was free to reject this testimony in favor of the People's witnesses and their own interpretation of the surveillance videotape (*see People v Califano*, 84 AD3d 1504, 1505-1506 [2011], *lv denied* 17 NY3d 805 [2011]).

Defendant testified that he entered the store and picked up the magazine, intending to pay for it, when the clerk started yelling at him and questioning what he was doing; the clerk called him a name and directed that he put it back and leave. Defendant continued to hold onto the magazine—apparently slipping it into the back of his clothing to aggravate the clerk—and angry words were exchanged. Defendant then put the magazine down and left, but claimed he returned seconds later to make a purchase, when the clerk again told him to leave and threatened to hit him with a bat, which the clerk, and then his coworker, grabbed. Defendant claimed that he took the box cutter out of his pocket because he was afraid and admitted that he waived it at the clerk; he confirmed his identity on the video, but claimed he never opened the box cutter and never intended to use it against anyone. Defendant denied ever threatening to harm or kill the clerk. He left the store and went home and was confronted by police with guns drawn, who directed him to drop whatever was in his hands, and he complied, throwing the box cutter to the sidewalk. The box cutter, recovered by police at the time of defendant's arrest and received in evidence, was demonstrated for the jury and shown to be operational with a rapidly deployable blade.

Viewing the evidence in a neutral light and weighing the probative value of the conflicting testimony and the conflicting inferences that could be drawn, while deferring to the jurors' ability to observe the witnesses and assess their credibility, aided by the video recording, we find that it was not contrary to the weight of the credible evidence for the jury to find that defendant possessed the box cutter—with its deployable blade—with unlawful intent (*see People v Bleakley*, 69 NY2d at 495; *People v Califano*, 84 AD3d at 1506; *People v Smith*, 63 AD3d 1301, 1303 [2009], *lv denied* 13 NY3d 862 [2009]).

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.