# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**382**
**KA 10-01179**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                   MEMORANDUM AND ORDER

CHARLES J. ALLEN, ALSO KNOWN AS CJ,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 10, 2009. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). We note at the outset that defendant's contentions on appeal concern only the judgment in appeal No. 1, and we therefore dismiss appeal No. 2.

With respect to the judgment in appeal No. 1, we reject the contention of defendant that his sentence violated the terms of the plea agreement (*see People v Abdallah*, 50 AD3d 1312, 1313; *see also People v Tatro*, 8 AD3d 823, 824, *lv denied* 3 NY3d 682). During the plea proceeding, the prosecutor stated that the People "would consider" any cooperation by defendant with respect to uncharged burglaries in determining whether to recommend a reduced sentence. The prosecutor, however, clearly indicated that defendant "should not plead [guilty] expecting anything other than" the promised maximum sentence, and County Court advised defendant of that maximum sentence before accepting his plea. The record belies the further contention of defendant that the People and the court failed to consider the extent of his cooperation with law enforcement prior to sentencing.

Finally, we agree with defendant that his valid waiver of the right to appeal does not encompass his challenge to the severity of

the sentence, inasmuch as he waived his right to appeal before he was advised of the maximum possible sentence (*see People v Farrell*, 71 AD3d 1507, *lv denied* 15 NY3d 804).  We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  March 23, 2012                   Frances E. Cafarell
                                           Clerk of the Court