THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE L. ALLEN, Appellant. (Appeal No. 1.) [958 NYS2d 914]— Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 5, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE L. ALLEN, Appellant. (Appeal No. 2.) [958 NYS2d 914]— Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 5, 2011. The judgment convicted defendant, upon his plea of guilty, of bail jumping in the second degree.

It is hereby ordered that said appeal is unanimously dismissed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and, in appeal No. 2, he appeals from a separate judgment convicting him, also upon his plea of guilty, of bail jumping in the second degree (§ 215.56). We note at the outset that defendant raises no challenge to the judgment in appeal No. 1, and we therefore dismiss the appeal from that judgment (*see* CPL 470.60 [1]; *People v Allen*, 93 AD3d 1340, 1340-1341 [2012], *lv denied* 19 NY3d 956 [2012]). With respect to appeal No. 2, defendant challenges only the sentence, but concedes that he has been resentenced upon the judgment in that appeal. Consequently, inasmuch as "the initial sentence has been super[s]eded[,] any issue with respect to sentencing on th[at] appeal is now moot" (*People v Gannon*, 2 AD3d 1214, 1214 [2003]; *see People v Haywood*, 203 AD2d 966, 966 [1994], *lv denied* 83 NY2d 967 [1994]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Valentino, JJ.