# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

799

KA 12-00047

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DONTE LEE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 19, 2010. The judgment convicted defendant, upon his plea of guilty, of gang assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of gang assault in the second degree (Penal Law § 120.06), defendant contends that Supreme Court failed to engage in an adequate colloquy to ensure that his waiver of the right to appeal was knowing and voluntary and that the court erred in denying his request for youthful offender status. "Even assuming, arguendo, that the waiver by defendant of the right to appeal is invalid and thus does not encompass his challenge to the court's refusal to adjudicate him a youthful offender, we nevertheless reject that challenge" (*People v McClellan*, 49 AD3d 1201, 1202; *see People v Davis*, 84 AD3d 1710, 1710, *lv denied* 17 NY3d 815). With regard to defendant's alternative contention that his sentence is unduly harsh and severe, the People correctly concede that defendant's purported waiver of the right to appeal would not encompass that contention in any event, inasmuch as defendant waived the right to appeal before the court advised him of the maximum possible sentence he could receive (*see People v Allen*, 93 AD3d 1340, 1341, *lv denied* 19 NY3d 956; *People v Farrell*, 71 AD3d 1507, 1507, *lv denied* 15 NY3d 804). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: July 19, 2013                        Frances E. Cafarell
                                              Clerk of the Court