# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**795**

**KA 08-01985**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DESMIN K. DIGGS, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered August 20, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree, criminal mischief in the second degree (two counts), petit larceny, assault in the second degree (two counts), reckless endangerment in the first degree, and leaving the scene of an incident without reporting (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the second degree (Penal Law § 160.10 [3]). Defendant contends that his plea was not knowing, voluntary and intelligent because the sentence imposed did not comport with the plea agreement, i.e., he did not receive credit for cooperating with the prosecutor's office in an unrelated matter. Defendant failed to move to withdraw his plea of guilty or to vacate the judgment of conviction, and thus he failed to preserve that contention for our review (*see People v Abdallah*, 50 AD3d 1312, 1312; *People v Tatro*, 8 AD3d 823, 824, *lv denied* 3 NY3d 682). In any event, defendant's contention is without merit. During the plea colloquy, Supreme Court promised defendant a sentence of nine years' incarceration upon a plea to 10 of the 11 counts of the indictment, and defendant indicated that he understood that promise. Also at the time of the plea, defense counsel sought, and the court agreed to grant, an adjournment of sentencing to permit defense counsel to "discuss with the District Attorney's Office the potential of any type of credit due" for defendant's alleged prior cooperation. The court sentenced defendant to, inter alia, a determinate term of nine years' incarceration. Inasmuch as the court imposed the promised sentence, we reject his contention that his sentence violated the terms of his

plea agreement (*see Abdallah*, 50 AD3d at 1313; *Tatro*, 8 AD3d at 824).

The sentence is not unduly harsh or severe.