## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                    105633
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT J. JOHNSON JR.,
                    Appellant.
_____

Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

_____

    Francisco P. Berry, Ithaca, for appellant.

    Gwen Wilkinson, District Attorney, Ithaca (Andrew J.
Bonavia of counsel), for respondent.

_____

Lahtinen, J.P.

    Appeal from a judgment of the County Court of Tompkins
County (Rowley, J.), rendered September 21, 2012, convicting
defendant upon his plea of guilty of the crime of robbery in the
second degree.

    In July 2012, defendant pleaded guilty to one count of
robbery in the second degree in full satisfaction of a four-count
indictment upon his admission that he, acting in concert with two
others, entered a business in the early morning hours where a
card game was taking place and forcibly stole property from the
game's participants.  Pursuant to a plea agreement, defendant
agreed to waive his right to appeal, to not pursue any possible
motions and to execute at sentencing a separate written waiver of
appeal.  Defendant also agreed to admit to having previously been

convicted of a federal felony drug conspiracy conviction for purposes of being sentenced as a second felony offender (see 21 USC § 846). Prior to sentencing, defendant moved to withdraw his guilty plea, arguing that his federal felony drug conspiracy conviction did not qualify as a predicate felony for sentencing as a second felony offender (see People v Ramos, 19 NY3d 417, 420 [2012]). In response, the People filed, pursuant to CPL 440.21 (2), a predicate felony statement setting forth defendant's three prior felony convictions from Pennsylvania. At sentencing, County Court stated that the relief requested in defendant's withdrawal motion was satisfied by supplementing the predicate felony allegation with one or more of the Pennsylvania felony convictions that defendant also allocuted to at sentencing. In accordance with the plea agreement, defendant executed the written waiver of appeal, and County Court sentenced defendant, as a second felony offender, to a prison term of five years and five years of postrelease supervision. Defendant appeals.

Defendant contends that County Court should have granted his motion to withdraw his plea. In view of defense counsel's statement on the record, as well as defendant's own responses to County Court's questions, we find that defendant effectively abandoned his CPL 220.60 motion, expressly agreed to plead guilty pursuant to the plea agreement and was validly sentenced as a second felony offender in accordance with that agreement (see Penal Law § 400.21; People v Tabbott, 61 AD3d 1183, 1184 [2009]). In any event, defendant failed to preserve adequately any challenge to the predicate felony statement because, at sentencing, defendant admitted to his three prior felony convictions in Pennsylvania and did not object to County Court's finding that any one or more of his three prior felony convictions qualify as prior convictions for purposes of being sentenced as a second felony offender (see People v Smith, 73 NY2d 961, 962-963 [1989]; People v Leszczynski, 96 AD3d 1162, 1163 [2012]; People v Washington, 89 AD3d 1140, 1142 [2011]; People v Johnson, 266 AD2d 728, 729-730 [1999]). Moreover, defense counsel consented to the second felony offender statement and admitted on behalf of defendant that the prior felony convictions were valid (see Penal Law § 70.06; People v Hernandez, 62 AD3d 1095, 1096-1097 [2009]; People v Ochs, 16 AD3d 971, 971-972 [2005]).

McCarthy, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court