■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERRY ROSAS, Appellant. [759 NYS2d 866] —Judgment, Supreme Court, Bronx County (Peter Benitez and Michael Gross, JJ., on dismissal motions; John Moore, J., at jury trial and sentence), rendered October 8, 1999, convicting defendant of rape in the first degree, and sentencing him to a term of 12½ to 25 years, unanimously affirmed.

The six-week period set forth in the indictment with regard to the offenses was reasonable, where the victim was defendant's 14-year-old daughter who was living with him at the time the crimes occurred and the specified time frame was her best recollection. Despite diligent efforts, the People were unable to allege a more specific time period (*see People v Morris*, 61 NY2d 290, 296 [1984]; *People v Latouche*, 303 AD2d 246 [2003]; *People v Feliciano*, 196 AD2d 774 [1993], *lv denied* 82 NY2d 894 [1993]). The specified time period provided defendant with reasonable notice under the circumstances. Accord-

ingly, there was no violation of defendant's constitutional right to be informed of the charges against him.

Since defendant conceded that if he cross-examined the victim about certain misconduct he would open the door to evidence that such misconduct was allegedly the product of his own uncharged criminal activity, he did not preserve his present challenge to the uncharged crimes evidence and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's concession was correct since the uncharged crimes evidence was admissible for the purpose of explaining and refuting matters raised on cross-examination (see People v Houston, 250 AD2d 535 [1998], lv denied 92 NY2d 983 [1998]; People v Steinberg, 170 AD2d 50, 72-74 [1991], affd 79 NY2d 673 [1992]).

Since defendant made general objections, his claim that the court improperly admitted hearsay testimony is unpreserved (see People v Clarke, 81 NY2d 777 [1993]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged statement was not hearsay since it was not offered for its truth, but because the fact that it was made was relevant to credibility issues raised by defendant (see People v Santana, 163 AD2d 495, 497 [1990], affd 78 NY2d 1027 [1991]).

Defendant's claim that counsel was ineffective is not reviewable on direct appeal since it involves questions of strategy and matters dehors the record. On the record before us, we conclude that defendant received effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ.