■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE ANTHONY, Appellant. [859 NYS2d 269]—

Spain, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 15, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a three-count indictment, defendant entered a guilty plea to criminal sale of a controlled substance in the third degree in return for a negotiated prison sentence of 3½ years and three years of postrelease supervision.* He subsequently was sentenced in County Court to the agreed-upon sentence. No mention was made on the record, at any time prior to or during the plea allocution or at sentencing, of the potential for defendant to be adjudicated a second felony offender or a second felony drug offender (see Penal Law § 70.06 [1]; § 70.70 [1] [b]). The following day, and for the first time, the District Attorney filed a predicate felony statement and the court acknowledged that no such statement had been filed prior to defendant's sentencing. When defendant, who had been returned to court, admitted the predicate felony, the court stated, "I adjudicate the defendant to be a second felony offender." Defendant was not resentenced or provided with an opportunity to withdraw his plea. He now appeals, contending that his sentence was invalid, his plea was not voluntary, knowing and intelligent and counsel was ineffective for failure to pursue these issues.

Pursuant to CPL 400.21 (2), a predicate statement "must be filed by the prosecutor *before* sentence is imposed" (emphasis added), which was not done here. Where the statutory purposes for filing a predicate statement have been satisfied, i.e., "apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]), substantial compliance has been found to be adequate (see *People v Saddlemire*, 50 AD3d 1317 [2008] [the defendant had notice and opportunity to be heard at sentencing regarding predicate, and admitted it];

---

* The sentence represents the minimum determinate second felony drug offender sentence for this class B felony(see Penal Law § 70.70 [3] [b] [i]).

*People v Stokely*, 49 AD3d 966 [2008] [the defendant admitted predicate at sentencing]; *People v Jones*, 47 AD3d 1121 [2008] [the defendant given copy of statement and admitted at sentencing]; *People v Ladson*, 30 AD3d 836, 837 [2006], *lv denied* 7 NY3d 814 [2006] [statement filed before sentencing, the defendant acknowledged predicate but not asked if he wanted to controvert]; *People v Valderama*, 25 AD3d 819, 820-821 [2006], *lv denied* 6 NY3d 854 [2006]; *see also People v Ruffin*, 42 AD3d 582 [2007], *lv denied* 9 NY3d 881 [2007] [defective statement filed, the defendant had notice and opportunity to be heard at sentencing]; *People v Johnson*, 24 AD3d 967, 969 [2005], *lv denied* 6 NY3d 814 [2006]). Here, however, no statement was filed prior to or at sentencing; the record does not reflect that notice was given to defendant prior to sentencing or that defendant had an opportunity to be heard with respect to the prosecutor seeking predicate sentencing (*cf. People v Bouyea*, 64 NY2d at 1142; *People v Saddlemire, supra*; *People v Ruffin*, 42 AD3d at 582).

Further, defendant never agreed at the plea allocution to be sentenced as a predicate offender and, hence, cannot be said to have waived his rights under CPL 400.21 when he proceeded to sentencing without objection in the absence of a predicate statement or substantial compliance with the statutory scheme (*cf. People v Ross*, 7 NY3d 905, 906 [2006] [the defendant agreed at plea to predicate sentencing, so court held that he waived receipt of statement at sentencing and declined to challenge predicate]). Likewise, defendant's admission to the predicate *after* sentence was imposed did not validate the sentence or constitute a waiver of the invalid sentence. Thus, there was no compliance with CPL 400.21 and "the complete failure to file a felony offender statement prior to sentencing renders the sentence invalid as a matter of law" (*People v De Fayette*, 16 AD3d 708, 710 [2005], *lv denied* 4 NY3d 885 [2005] [no statement ever filed]; *see People v Pierre*, 8 AD3d 904, 906-907 [2004], *lv denied* 3 NY3d 710 [2004]). Accordingly, we must remit to County Court for resentencing pursuant to CPL 400.21.

To the extent that defendant contends that his plea was not knowing, voluntary and intelligent in view of the failure to include the predicate sentencing status as part of the plea agreement or to mention it at any point prior to sentencing, he did not preserve this claim for appellate review by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 40 AD3d 1276, 1276 [2007]). Given that defendant can raise this issue upon remittal for resentencing, we decline to take corrective action in the interest of justice

(*see* CPL 470.15 [3]. [b]). Defendant also alleges that he received ineffective assistance of counsel based upon counsel's failure to advise him regarding the significance of the prosecutor's failure to file a predicate statement. This too is an issue not preserved for review (*see People v McKeney*, 45 AD3d 974, 975 [2007]) and, as it concerns matters outside the record, it should more properly be raised in a CPL article 440 motion (*see id.* at 975).

Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

