(December 23, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M. FIELDS, Appellant. [917 NYS2d 323]—

Peters, J.P. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered February 20, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In satisfaction of multiple indictments and other charges, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree and waived his right to appeal. The People and defendant jointly recommended that he

---

2. While petitioner now seeks to live with his wife, he initially expressed a desire to live with his parents.

be sentenced to a prison term of 12 years to be followed by post-release supervision of five years, and the People further agreed not to request that he be sentenced as a persistent felony offender. County Court imposed the recommended sentence, and defendant now appeals.

Defendant claims that County Court improperly sentenced him as a second felony drug offender, and we agree. Initially, this argument implicates the legality of his sentence and, as such, survives his appeal waiver (*see People v Glynn*, 72 AD3d 1351, 1351-1352 [2010], *lv denied* 15 NY3d 773 [2010]; *People v Mosley*, 54 AD3d 1098, 1099 [2008]). The record does not reflect that the People filed a predicate felony statement prior to sentencing (*see* CPL 400.21 [2]; Penal Law § 70.71 [4] [b]), and they concede that defendant did not have "an opportunity to be heard with respect to . . . predicate sentencing" (*People v Anthony*, 52 AD3d 864, 865 [2008], *lv denied* 11 NY3d 733 [2008]). Indeed, defendant was not advised during the plea proceedings or thereafter that he was to be sentenced as a second felony drug offender, and County Court did not explicitly find him to be such an offender or sentence him as such (*see* CPL 400.21 [4]). As the provisions of CPL 400.21 were not substantially complied with, remittal is required so that defendant may be afforded adequate notice and an opportunity to be heard regarding his prior convictions prior to resentencing (*see People v Farrow*, 69 AD3d 980, 981 [2010]; *People v Anthony*, 52 AD3d at 865; *People v Fields*, 92 AD2d 749 [1983]).

Defendant's assertion that his guilty plea was not knowingly, intelligently and voluntarily entered given County Court's failure to correctly advise him of the maximum term of imprisonment he faced is unpreserved due to his failure to move to withdraw his plea or to vacate the judgment of conviction (*see People v Mayers*, 74 NY2d 931, 932 [1989]; *People v Campbell*, 66 AD3d 1059, 1060 [2009]), and "we decline to take corrective action in the interest of justice" (*People v Anthony*, 52 AD3d at 865; *cf. People v Bryant*, 180 AD2d 874, 875-876 [1992]).

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.