Egan Jr., J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 10, 2011, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, a prison inmate, was charged with promoting prison contraband in the first degree after he was found in possession of a sharpened, folded tin can top with a handle made of gauze and tape. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to a prison term of IV2 to 3 years. County Court also imposed the mandatory surcharge, in addition to the DNA databank and crime victim assistance fee, and thereafter denied defendant’s pro se motion to defer payment of the surcharge. This appeal ensued.
We affirm. Initially, to the extent that defendant contends that his plea was involuntary due to County Court’s failure to advise him of the maximum term of imprisonment he faced, the record does not reflect that defendant moved to withdraw his plea or vacate the judgment of conviction. Accordingly, this is *1073 sue is unpreserved for our review (see People v Fields, 79 AD3d 1448, 1449 [2010]; cf. People v Young, 102 AD3d 1061, 1061 [2013]), “and we decline [defendant’s invitation] to take corrective action in the interest of justice” (People v Fields, 79 AD3d at 1449 [internal quotation marks and citation omitted]).
Defendant’s related challenge to the imposition of the mandatory surcharge and relevant fees is unpersuasive. “The mandatory surcharge, crime victim assistance fee and DNA databank fee are not components of a defendant’s sentence” (People v Hoti, 12 NY3d 742, 743 [2009] [citation omitted]). Accordingly, County Court’s failure to pronounce these charges prior to accepting defendant’s plea “did not deprive . . . defendant of the opportunity to knowingly, voluntarily and intelligently choose among alternative courses of action” (id. at 743; see People v Ryan, 83 AD3d 1128, 1130 [2011]).
Finally, defendant’s assertion that County Court erred in summarily denying his request to defer payment of the mandatory surcharge is not properly before us. Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Rose, J.E, Lahtinen and Stein, JJ., concur.
Ordered that the judgment is affirmed.