*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                106425
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                   MEMORANDUM AND ORDER

DONALD J. GOKEY,
                        Appellant.
_____

Calendar Date:   October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

        Mirriam Z. Seddiq, Greenbelt, Maryland, for appellant.

        Glenn MacNeill, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Franklin County (Rogers, J.), rendered March 6, 2013, upon a verdict convicting defendant of the crimes of rape in the first degree (four counts), criminal sexual act in the first degree (five counts) and endangering the welfare of a child (four counts).

        Based upon allegations that he raped and engaged in oral sexual conduct with a 12 year old on four separate occasions between January 2011 and March 2011, defendant was indicted in May 2011 for the crimes of rape in the first degree (four counts), criminal sexual act in the first degree (six counts) and endangering the welfare of a child (four counts).  Following a trial, defendant was found guilty of all of the charges in the indictment with the exception of one count of criminal sexual act

in the first degree, which the People withdrew.  County Court thereafter sentenced defendant to an aggregate prison term of 40 years to be followed by 20 years of postrelease supervision. Defendant now appeals and we affirm.

Initially, despite his argument to the contrary, we find that defendant was afforded the effective assistance of counsel. "The effectiveness of the assistance of counsel is analyzed in terms of whether 'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Cassala, 130 AD3d 1252, 1253 [2015], quoting People v Baldi, 54 NY2d 137, 147 [1981]; accord People v Benevento, 91 NY2d 708, 712 [1998]).  To prevail on such a claim, a defendant "must demonstrate that [he or she was] deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (People v Flores, 84 NY2d 184, 187 [1994]; see People v Rivera, 71 NY2d 705, 708-709 [1988]).  Meaningful representation is a flexible concept and requires only that counsel's efforts reflect "reasonable competence, not perfect representation" (People v Oathout, 21 NY3d 127, 128 [2013] [internal quotation marks and citation omitted]; accord People v Chapelle, 126 AD3d 1127, 1129 [2015], lv denied 25 NY3d 1161 [2015]).

As for the specifics of defendant's claim, he first argues that defense counsel erred in failing to object to the testimony offered by an expert witness regarding Child Sexual Abuse Accommodation Syndrome (hereinafter CSAAS), explaining common reactions of young women who have been sexually abused.  It is well settled that expert testimony regarding CSAAS is permissible in sexual abuse cases to more fully explain a victim's hesitancy to come forward regarding allegations of abuse, so long as the expert "has not met the child in issue and does not offer an opinion regarding credibility or whether abuse has occurred" (People v Olson, 110 AD3d 1373, 1376 [2013], lv denied 23 NY3d 1023 [2013]; see People v Williams, 20 NY3d 579, 585 [2013]; People v Spicola, 16 NY3d 441, 465-466 [2011]).  Inasmuch as those requirements were met herein and the expert's statements did not exceed permissible bounds (see People v Spicola, 16 NY3d

at 465-466), this testimony was not impermissible as a matter of law. Moreover, to the extent that defendant flatly denied the victim's allegations and counsel cross-examined the victim regarding her allegations and her hesitancy to fully disclose the abuse to her medical provider, the defense opened the door to the expert testimony regarding CSAAS. Thus, counsel's failure to object to the expert's testimony did not constitute ineffective assistance, as any objection thereto would have "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Maggio, 70 AD3d 1258, 1260-1261 [2010], lv denied 14 NY3d 889 [2010]).

Further, we find that defendant did not demonstrate that his counsel's failure to call an expert witness to rebut the People's expert was not a strategic decision made in order to avoid bringing undue attention to the victim's young age and vulnerability. Furthermore, we view counsel's thorough cross-examination of the expert witness as a reflection of his vigorous representation of defendant (see e.g. People v Malcolm, 74 AD3d 1483, 1487 [2010], lv denied 15 NY3d 954 [2010]). Thus, none of defendant's criticisms rise to the level of ineffective assistance of counsel. Taken as a whole, the record before us reveals that defendant was afforded meaningful representation throughout the duration of the proceedings (see People v Baldi, 54 NY2d at 147; People v Malcolm, 74 AD3d at 1487; People v Black, 65 AD3d 811, 815 [2009], lv denied 13 NY3d 905 [2009]).

Finally, notwithstanding his relatively minor criminal history, we reject defendant's contention that his sentence was harsh and excessive. In light of the victim's young age and vulnerability, defendant's exploitation of the trust that he had established with the victim and her family and the far-reaching impact of defendant's crimes, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence (see People v Kamp, 129 AD3d 1339, 1341 [2015], lv denied 26 NY3d 969 [2015]). Additionally, we discern no evidence in the record that County Court improperly penalized defendant for rejecting the plea deals offered by the People and exercising his right to trial (see People v Cruz, 131 AD3d 724, 728 [2015]; People v Simon, 180 AD2d 866, 867 [1992], lv denied 80 NY2d 838 [1992]).

Defendant's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.

Garry, J.P., Egan Jr. and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court