■ The People of the State of New York, Respondent, v Johnny Traylor, Appellant. [53 NYS3d 46]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered April 30, 2014, as amended on May 21, 2014, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Although defendant's procedural challenges to his second violent felony offender adjudication are unpreserved, under the circumstances presented here, vacatur of the sentence in the interest of justice is warranted. In contrast to *People v Bouyea* (64 NY2d 1140 [1985]), here, defendant never admitted the prior felony conviction upon which his second violent felony adjudication was predicated, and the court never adjudicated defendant a second violent felony offender. Moreover, there is no record evidence that the predicate felony statement was filed prior to sentencing, as required by CPL 400.15 (2) (*see People v Camble*, 17 AD3d 235 [1st Dept 2005], *lv denied* 5 NY3d 786, 790, 796 [2005]; *People v Chevere*, 17 AD3d 193, 194 [1st Dept 2005]). Further, the record does not reflect that defendant was given a copy of the predicate felony statement, as

CPL 400.15 (3) requires. Thus, the record is devoid of any indication that defendant received adequate notice that the prior felony conviction in question would be used as the basis for enhancement of his sentence or had an opportunity to be heard as to the validity of that conviction (*see People v Fields*, 79 AD3d 1448 [3d Dept 2010]). The brief, incidental, logistical comments made by Supreme Court, the clerk and the prosecutor in defendant's presence during the plea proceedings concerning the existence of a predicate felony statement are insufficient to constitute substantial compliance with CPL 400.15 requirements (*see Fields*, 79 AD3d at 1449; *People v Anthony*, 52 AD3d 864, 865 [3d Dept 2008], *lv denied* 11 NY3d 733 [2008]). Thus, remanding this matter for resentencing proceedings conducted in compliance with those requirements would not be "futile and pointless" (*Bouyea*, 64 NY2d at 1142), but is warranted under the circumstances presented here (*see People v Camble*, 17 AD3d at 236; *People v Chevere*, 17 AD3d at 194; *People v Jenkins*, 248 AD2d 486 [2d Dept 1998], *lv denied* 91 NY3d 1008 [1998]; *People v Colon*, 122 AD2d 150, 151 [2d Dept 1986], *lv denied* 68 NY2d 999 [1986]). Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.