Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 10, 2015, which revoked defendant’s probation and imposed a sentence of imprisonment.
 

 Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to five years of probation. He was subsequently charged with violating certain conditions of his probation and admitted to the probation violations, again waiving his right to appeal. Thereafter, County Court revoked his probation and resentenced him as a second felony drug offender to 10 years in prison and three years of postrelease supervision. Defendant now appeals.
 

 Defendant contends, among other things, that the resentence is invalid because a predicate felony statement was not filed in accordance with CPL 400.21 (2) before he was sentenced as a second felony drug offender.
 
 *
 
 Although this claim has not been preserved for our review due to defendant’s failure to make an appropriate motion (see People v Pellegrino, 60 NY2d 636, 637 [1983]), under the particular circumstances presented, we exercise our discretion in the interest of justice to take corrective action (see People v Loper, 118 AD3d 1394, 1395 [2014], lv denied 25 NY3d 1204 [2015]; People v Kimmons, 39 AD3d 1180, 1181 [2007]). The People concede and the record reveals that a predicate felony statement was never filed as is required by CPL 400.21 (2). In addition, there is no indication that defendant had notice that he would be sentenced as a second felony drug offender when he admitted to the probation violations or at resentencing. Consequently, defendant did not have an opportunity to contest his prior convictions. In view of this, the resentence must be vacated and the matter remitted to County Court for resentencing (see People v Fields, 79 AD3d 1448, 1449 [2010]; People v Farrow, 69 AD3d 980, 981 [2010]; People v Mosley, 54 AD3d 1098, 1099 [2008]; People v Anthony, 52 AD3d 864, 865 [2008], lv denied 11 NY3d 733 [2008]; People v Ruddy, 51 AD3d 1134, 1135 [2008], lv denied 12 NY3d 787 [2009]).
 

 Garry, J.P., Egan Jr., Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 *
 

 We note that, inasmuch as this claim implicates the legality of the resentence, it is not precluded by defendant’s waiver of the right to appeal (see People v Fields, 79 AD3d 1448, 1449 [2010]; People v Mosley, 54 AD3d 1098, 1099 [2008]).