People v Wiggins (2019 NY Slip Op 07113)





People v Wiggins


2019 NY Slip Op 07113


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

109508

[*1]The People of the State of New York, Respondent,
v
Matthew Wiggins, Appellant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Amanda FiggsGanter, Albany, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered January 13, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
When this matter was previously before us, we, among other things, reversed the judgment of conviction and remitted the matter for further proceedings (126 AD3d 1229 [2015]). Upon remittal, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea on the ground that he was unaware of the actual amount of time that he was required to serve in connection with a 2008 parole violation. County Court denied the motion [FN1] and, thereafter, sentenced defendant as a second felony offender to a prison term of 4½ years, followed by three years of postrelease supervision. Defendant appeals.[FN2]
Defendant's contention that the plea was not knowing, voluntary and intelligent because County Court failed to inform him of how his sentence would interact with any prior undischarged sentence stemming from a 2008 parole violation is not precluded by his unchallenged waiver of the right to appeal and is preserved by his unsuccessful motion to withdraw his guilty plea on that basis (see People v Thomas, 158 AD3d 953, 953 [2018], lv denied 31 NY3d 1088 [2018]; People v Pixley, 150 AD3d 1555, 1556 [2017], lv denied 30 NY3d 952 [2017]). Defendant's contention is nevertheless without merit. Specifically, defendant asked whether the good time credit applied to the undischarged portion of his 2008 sentence in connection with an unrelated parole matter would be credited to the instant sentence. The matter was adjourned to provide defense counsel an opportunity to research the issue. Upon reconvening, defense counsel informed the court that the Department of Corrections and Community Services (hereinafter DOCCS) would not comment on the calculation of any sentence until defendant was received into its custody. Following an extensive discussion, the court informed defendant that any time previously served in connection with the instant indictment would be credited toward his sentence, but no representations were being made as to how DOCCS would calculate the instant sentence with regard to the 2008 parole matter, and that any potential error with regard to such calculation by DOCCS could be the subject of a CPLR article 78 proceeding. Defendant specifically acknowledged that the plea agreement did not contemplate any promises as to the ultimate calculation of his sentence as it pertained to the parole violation, and thereafter affirmed his desire to still enter into the plea agreement. During the plea colloquy, defendant affirmed that no promises had been made to him other than those set forth in the plea agreement, and that he was voluntarily entering into the plea agreement. In view of the foregoing, we are unpersuaded that defendant's plea was not knowingly, voluntarily and intelligently entered (see People v Miles, 138 AD3d 1350, 1350 [2016], lv denied 28 NY3d 934 [2016]; People v Miner, 120 AD3d 1449, 1449-1450 [2014]; People v White, 85 AD3d 1493, 1494 [2011]). Furthermore, "[t]he failure to inform [a] defendant of [the ultimate sentencing] calculations — which is done by correctional authorities — does not render the plea involuntary" (People v DePerno, 148 AD3d 1463, 1465 [2017], lv denied 29 NY3d 1030 [2017]).
To the extent that defendant contends that the sentence imposed was invalid because a second felony offender statement was not filed in accordance with CPL 400.21, this issue is not precluded by his unchallenged appeal waiver (see People v Gray, 152 AD3d 1068, 1071 [2017], lv denied 30 NY3d 980 [2017]; People v Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]), but is unpreserved for our review due to his failure to object before County Court to the procedures employed (see People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Fenner, 153 AD3d 1448, 1450 [2017]). Were we to consider the issue, we would find that any error in relying on the previously-filed second felony offender statement was harmless error "and, further, that granting the pro se relief requested by defendant — vacating the sentence previously imposed and remitting for resentencing — would, under the particular facts of this case, be futile and pointless" (People v Franklin, 146 AD3d 1082, 1086 [2017] [internal quotation marks and citation omitted], lvs denied 29 NY3d 946, 948 [2017]).
Garry, P.J., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court declined to consider defendant's supplemental pro se motion to withdraw his plea as he was represented by counsel, who did not accept or adopt the arguments raised therein.

Footnote 2: A review of the unredacted indictment verifies that the grand jury foreperson signed the indictment and, therefore, belies defendant's contention that it was jurisdictionally defective for failure to comply with CPL 200.50.