People v Braswell (2020 NY Slip Op 01926)





People v Braswell


2020 NY Slip Op 01926


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03029
 (Ind. No. 410-17)

[*1]The People of the State of New York, respondent,
v
Wayne Braswell, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered December 19, 2017, convicting him of criminal contempt in the first degree (two counts), aggravated family offense, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court did not improvidently exercise its discretion in permitting the People to elicit evidence of prior incidents of domestic violence between the defendant and the complainant (see People v Molineux, 168 NY 264; People v Michel, 158 AD3d 649). The evidence provided relevant background material to enable the jury to understand the defendant's relationship with the complainant and also served as proof of the defendant's intent and the reasonableness of the complainant's fear (see People v Frankline, 27 NY3d 1113, 1115; People v Rodriguez, 174 AD3d 926, 927). Moreover, the probative value of the evidence outweighed the risk of prejudice to the defendant, particularly considering the court's limiting instruction to the jury, which served to alleviate any prejudice resulting from the admission of the evidence (see People v Williams, 160 AD3d 665, 666; People v Michel, 158 AD3d at 649).
Further, on this record, the defendant failed to demonstrate that he was deprived of the effective assistance of counsel by his counsel's failure to object to certain expert testimony, as such an objection would have had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Gokey, 134 AD3d 1246, 1247).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v [*2]Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court