People v Belle (2022 NY Slip Op 01399)





People v Belle


2022 NY Slip Op 01399


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Ind No. 1589/15 2667/16 Appeal No. 14710-14710A-14710B Case No. 2018-2844 2018-03292 2020-04878 

[*1]The People of the State of New York, Respondent,
v
Decourcey Belle, Defendant-Appellant. 


Caprice R. Jenerson, Office of The Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.



Judgments, Supreme Court, New York County (Kevin B. McGrath, Jr., J.), rendered September 8, 2017, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the second degree and bail jumping in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years; and order, Supreme Court, New York County (Miriam R. Best, J.), entered on or about October 2, 2020, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.
The plea court correctly adjudicated defendant a second violent felony offender based on his Massachusetts weapon possession conviction, and the motion court correctly declined to set aside the sentence. Both presently and at the time of defendant's Massachusetts conviction, the Massachusets statute at issue did not define the term "firearm" any more broadly than the corresponding New York statute. For the reasons set forth in the motion court's opinion (69 Misc 3d 1204[A], 2020 NY Slip Op 51177[U][Sup Ct, NY County 2020]), including the Massachusetts case law, it is clear that at the time of the conviction at issue, a BB or air gun was not a "firearm" in Massachusetts regardless of the age of the possessor. Defendant's reliance on Commonwealth v Sayers (438 Mass 238 [2002]) is misplaced as Sayers specifically holds that BB or air guns are firearms under Massachusetts General Laws (Mass Gen Laws) ch 269 Section 10(j)—not § 10(a)—and affirms prevailing Massachusetts case law holding that a BB or air gun is regulated exclusively by Mass Gen Laws ch 269 § 12(B) (see e.g. Commonwealth v Fenton, 395 Mass 92, 95 [1985]; Commonwealth v Rhodes, 389 Mass 641, 644 [1983]). Accordingly, the Massachusetts definition was no broader in that two states' definitions of "firearm" are indistinguishable overall, despite being structured somewhat differently, and thus are equivalent for predicate felony purposes (cf. People v Helms, 30 NY3d 259, 265-267 [2018] [analyzing Georgia statute underlying the defendant's prior conviction and finding that the Georgia crime corresponded to a New York felony and therefore supported sentence as a second violent felony offender]; People v Kelly, 65 AD3d 886, 888-889 [1st Dept 2009], lv denied 13 NY3d 860 [2009] [same, but for Maryland law]). To the extent that defendant is arguing that the Massachusetts definition might encompass some unspecified hypothetical weapon not defined as a firearm in New York, we find that argument without merit.
Defendant's argument that the sentencing court shifted the burden of establishing strict equivalency from the People onto defendant is unavailing. The record does not support defendant's argument as the court below provided defendant an opportunity to be heard on any challenges to the predicate felony statements and conducted its own research after the People filed their statements (see e.g. People v Traylor, 149 AD3d 626, 626-627 [1st Dept 2017]). Even if the lower court [*2]did shift the burden onto defendant, defendant was not prejudiced as the statutes at issue are strictly equivalent.
Defendant's argument that his defense counsel was constitutionally ineffective also fails. As Massachusetts case law clearly established that at the time of defendant's conviction, Massachusetts did not define "firearm" any more broadly than New York defined it, defense counsel cannot be considered ineffective for failing to raise a meritless claim.
Defendant's remaining arguments are either rendered academic by this disposition or are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022