People v Watson (2022 NY Slip Op 02499)

People v Watson

2022 NY Slip Op 02499

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Ind. No. 2875/15 Appeal No. 15728 Case No. 2018-2116 

[*1]The People of the State of New York, Respondent,
v
Lloyd Watson, Defendant-Appellant.

Stephen Chu, Office of the Appellate Defender, New York (C. Taylor Poor of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Miriam Best, J.), rendered September 6, 2017, as amended September 12, 2017, convicting defendant, after a jury trial, of criminal sexual act in the second degree (two counts) and endangering the welfare of a child, and sentencing him to an aggregate term of 14 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis to disturb the jury's credibility findings. The jury could have reasonably concluded that there were satisfactory explanations for inconsistencies in the victim's testimony, particularly as to when the incidents occurred.
The court providently exercised its discretion in admitting evidence that defendant and the victim engaged in anal sex, in addition to the oral sex that was the basis of the other charges, because the anal sex was probative of the child endangerment count. The People were not required to stop after presenting a minimum of evidence (see People v Alvino, 71 NY2d 233, 245 [1987]), and the probative value of this evidence outweighed any prejudicial effect (see People v Watts, 173 AD3d 576 [1st Dept 2019], lv denied 34 NY3d 939 [2019]).
Defendant received reasonable notice of the charges against him. The People provided an amended bill of particulars that narrowed the range of dates for one of the incidents to June 19-July 14, 2015, which was reasonable under the circumstances (see People v Rosas, 306 AD2d 91, 91-92 [1st Dept 2003], lv denied 100 NY2d 645 [2003]). Defendant did not preserve any of his related claims that involve the trial evidence, the existence of an allegedly conflicting bill of particulars, or the court's jury charge, as well as his claim of duplicitous counts, and we decline to review them in the interest of justice. As an alternative holding, we find these claims unavailing.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022