People v Heiserman (2023 NY Slip Op 00130)

People v Heiserman

2023 NY Slip Op 00130

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

112214 
[*1]The People of the State of New York, Respondent,
v
Michael Heiserman, Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

G. Scott Walling, Slingerlands, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Pritzker, J.
Appeal (upon remittal from the Court of Appeals) from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered September 4, 2019, upon a verdict convicting defendant of the crime of assault in the second degree.
The relevant facts pertaining to this appeal are set forth in our prior decision in this matter (204 AD3d 1249 [3d Dept 2022], revd ___ NY3d ___, 2022 NY Slip Op 07024 [2022]). We reversed the judgment of conviction, concluding that it was error for County Court not to instruct the jury on the defense of justification. Upon appeal, the Court of Appeals determined that there was no reasonable view of the evidence that defendant's use of force was necessary to defend himself from the use of unlawful physical force, and thus, County Court did not err in denying defendant's request for a justification charge (2022 NY Slip Op 07024 at *1-2 [2022]). The Court remitted this matter to this Court to determine defendant's remaining contention on appeal — whether County Court erred in permitting the People to elicit testimony on redirect examination regarding crimes or bad acts that defendant allegedly committed earlier in the day, prior to the indicted instant offense.
"When a party opens the door during cross-examination to excluded evidence, the opponent may seek to admit the excluded evidence in order to explain, clarify and fully elicit the question that has been only partially exposed on cross-examination" (People v Mateo, 2 NY3d 383, 425 [2004] [internal quotation marks and citations omitted], cert denied 542 US 946 [2004]). "A trial court has the discretion to decide door opening issues by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression" (People v George, 199 AD3d 1064, 1066 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1146 [2021]).
On cross-examination, defense counsel asked the police officer who arrested defendant and transported him to the jail questions about interactions with defendant prior to his arrest. Specifically, defense counsel asked the officer if he knew whether defendant called the police station because his son was missing. The officer confirmed that was the reason he was dispatched to the scene. Defense counsel also asked the officer if defendant appeared to be calm while being processed at the jail. In response, the officer testified that defendant had been calm inside of the officer's vehicle while being transported to the jail. Prior to redirect examination, the prosecutor argued — outside of the jury's presence — that defense counsel had opened the door such that he should be able to inquire about the initial police contact. County Court agreed and permitted such questioning. The officer then testified that he responded to a call that a young child was missing from an apartment [*2]building and that, upon arriving at the apartment building, the officer learned that defendant, who did not live in the apartment building, had been behaving aggressively toward the property manager. The officer was then approached by defendant and when defendant was approximately 18 inches away from the officer, he asked defendant to give him some space and inquired as to defendant's name. Defendant identified himself but did not move back. The officer testified that he then put his hand lightly on defendant's chest, again asking for defendant to step back and give the officer space at which time defendant slapped away the officer's arm. The officer then "attempted to take [defendant] to the ground." Defendant was arrested for the offense of harassment in the second degree and, before being placed inside of the officer's car, he spat on its hood and told the officer, "[w]hen you're out of the blue, you're f****** dead. You're dead."
County Court determined that, even though defense counsel had not questioned the officer about why defendant was arrested or what specifically had transpired that led to his arrest, it was appropriate for the People to follow up on the question that defense counsel had initially asked "in such a way to impress upon the jury that [defendant] was simply calling the police because his son was missing and that may not be at all accurate." We agree. The evidence elicited on cross-examination was incomplete and misleading and did not provide the jury with any context as to how defendant's seemingly innocuous call to the police about his son led to his arrest and the eventual assault on a sergeant at the jail. Accordingly, the People's redirect examination as to defendant's behavior earlier in the day was "reasonably necessary to correct the misleading impression" (People v George, 199 AD3d at 1066 [internal quotation marks and citations omitted]).
Garry, P.J., Egan Jr., Lynch and McShan, JJ., concur.
ORDERED that the judgment is affirmed.