People v Kane (2024 NY Slip Op 05850)

People v Kane

2024 NY Slip Op 05850

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CR-23-0486
[*1]The People of the State of New York, Respondent,
v
Christopher J. Kane, Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Patrick J. O'Sullivan, J), rendered March 15, 2022 in Madison County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, criminal sexual act in the first degree, sexual abuse in the third degree, criminal sexual act in the third degree (two counts), forcible touching, unlawfully dealing with a child in the first degree (two counts), endangering the welfare of a child (five counts) and sexual abuse in the second degree.
Defendant was charged by indictment with sexual abuse in the first degree, criminal sexual act in the first degree, two counts of sexual abuse in the third degree, criminal sexual act in the third degree, forcible touching, two counts of unlawfully dealing with a child in the first degree, five counts of endangering the welfare of a child and sexual abuse in the second degree. The charges stemmed from conduct that occurred on two separate occasions when he took the victim, then a minor, and another minor camping in 2016 and 2017. Defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of 20 years, to be followed by 25 years of postrelease supervision, for his conviction of criminal sexual act in the first degree and to lesser concurrent terms of incarceration on the remaining convictions. Defendant appeals.
Defendant first argues that his convictions are against the weight of the evidence. To begin, defendant does not dispute that the victim testified to facts that established the essential elements of each of the crimes underlying defendant's convictions (see generally People v Izzo, 104 AD3d 964, 966 [3d Dept 2013], lv denied 21 NY3d 1005 [2013]), and our review confirms as much. The victim provided an account of two separate camping trips during which defendant provided the victim with marihuana and alcohol (see Penal Law §§ 260.10, 260.20 [2]) and also testified to the discrete sexual acts that occurred on one or both occasions, including defendant's forcible oral sexual conduct (see Penal Law former §§ 130.40 [3]; 130.50 [1]; Penal Law §§ 130.55, 130.60 [2]; 130.65 [1]). Defendant's challenge is instead predicated on the assertion that there is insufficient evidence to establish the element of forcible compulsion, relevant to his convictions for sexual abuse in the first degree and criminal sexual act in the first degree. The premise of defendant's argument is intertwined with his related argument that there was no evidence beyond the victim's own testimony supporting the narrative of events. Thus, defendant's argument, distilled to its core, reflects his disagreement with the credibility determination of the jury, which is accorded deference on appeal. Upon our review, we find defendant's contentions are unavailing.
Based upon the age of the victim, the People were not required to present corroborating evidence in order to support a conviction under these circumstances, and the victim's testimony, if credited[*2], would be sufficient (see People v Beauharnois, 64 AD3d 996, 999 [3d Dept 2009], lv denied 13 NY3d 834 [2009]). To that end, defendant probed the various aspects of the victim's testimony that could have cast doubt on her account, including the delay in reporting, the victim's decision to reside in defendant's household after the events had occurred and the victim's communication with defendant regarding the purchase of a vehicle (see People v Cuadrado, 227 AD3d 1174, 1177 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v Garcia, 141 AD3d 861, 862-863 [3d Dept 2016], lv denied 28 NY3d 929 [2016]). Although these issues certainly support the conclusion that a different verdict would not be unreasonable, they do not support defendant's assertion that proof of forcible compulsion or the narrative of events was absent. Further, "[t]o the extent that defendant suggests that the victim's account was incredible as a matter of law, we reject that premise, as any discrepancies in her testimony fall short of establishing that it must be entirely disregarded" (People v Osman, 228 AD3d 1007, 1011-1012 [3d Dept 2024]; see People v Brown, 114 AD3d 1017, 1018 [3d Dept 2014]; see also People v Smith, 272 AD2d 713, 715 [3d Dept 2000], lv denied 95 NY2d 871 [2000]). Altogether, "viewing the evidence in a neutral light and according deference to the jury's credibility assessments, the verdict is supported by the weight of the evidence as to all of the charged crimes" (People v Hatch, 230 AD3d 908, 913 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [Oct. 30, 2024]; see People v Bonilla, 229 AD3d 850, 853 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 23, 2024]; People v Osman, 228 AD3d at 1012; People v Cuadrado, 227 AD3d at 1177; see also People v Goff, 224 AD3d 1008, 1009 [3d Dept 2024]; People v Strickland, 78 AD3d 1210, 1211 [3d Dept 2010]).
Defendant next argues that Supreme Court improperly permitted the victim to testify on redirect as to the reason she eventually disclosed defendant's conduct — because she heard that defendant had made advances on another minor — in violation of People v Molineux (168 NY 264 [1901]). The People had put defendant on notice during a pretrial conference that, despite their concession that such evidence was not admissible on direct under any Molineux exception, they would seek to introduce it on cross-examination in the event that defendant opened the door. Defendant's failure to oppose Supreme Court's ruling that he had opened the door to such evidence renders his argument unpreserved (see People v Terry, 196 AD3d 840, 846 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]; see also People v Rosas, 306 AD2d 91, 92 [1st Dept 2003], lv denied 100 NY2d 645 [2003]). In any event, we find his argument unavailing. The admission of the evidence at issue on the basis that defendant opened the door was not subject to a traditional Molineux analysis concerning its relevance to a material [*3]issue other than defendant's propensity to commit the charged criminal conduct (see People v Rojas, 97 NY2d 32, 36-39 [2001]; People v Woody, 214 AD3d 157, 161 [1st Dept 2023]). Instead, based upon the manner in which the evidence was introduced, the proper inquiry distilled to "whether, and to what extent, the evidence or argument said to open the door [was] incomplete and misleading," and whether the "otherwise inadmissible evidence [was] reasonably necessary to correct the misleading impression" (People v George, 199 AD3d 1064, 1066 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1146 [2021]; see People v Heiserman, 212 AD3d 949, 951 [3d Dept 2023], lv denied 39 NY3d 1141 [2023]). To that end, we discern no abuse of discretion in Supreme Court's determination that defendant's questioning of the victim during cross-examination concerning the lengthy delay in reporting defendant's conduct, which implicated whether she had fabricated the allegations, opened the door for the People to provide the necessary context to her decision to disclose and, in any event, the minimal detail provided by the victim mitigated the prejudicial effect of her testimony (see People v Kalabakas, 183 AD3d 1133, 1143-1144 [3d Dept 2020], lv denied 35 NY3d 1067 [2020]; People v Peele, 73 AD3d 1219, 1222 [3d Dept 2010], lv denied 15 NY3d 894 [2010]; People v Guay, 72 AD3d 1201, 1204 [3d Dept 2010], affd 18 NY3d 16 [2011]; see also People v Gokey, 134 AD3d 1246, 1247 [3d Dept 2015], lv denied 27 NY3d 1069 [2016]).
Defendant's final contentions are directed at his sentence. To that end, defendant first argues that Supreme Court sentenced him illegally as a second felony offender. Although the People note that defendant's argument is unpreserved, they concede that they neglected to file a second felony offender statement prior to sentencing (see CPL 400.21 [2]). "While we have previously held that substantial compliance with this statute is adequate when the defendant admits the prior felony and that errors or omissions in the statement may be waived by an admission by the defendant, we have also held that compliance with the statute is mandatory and that complete failure to file a second felony offender statement prior to sentencing renders the sentence invalid as a matter of law" (People v Pierre, 8 AD3d 904, 906-907 [3d Dept 2004] [citations omitted], lv denied 3 NY3d 710 [2004]; see People v Traylor, 149 AD3d 626, 627 [1st Dept 2017]; People v Johnson, 124 AD3d 1318, 1319 [4th Dept 2015], lv denied 25 NY3d 951 [2015]; People v Loper, 118 AD3d 1394, 1395-1396 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]; People v Fields, 79 AD3d 1448, 1449 [3d Dept 2010]). Accordingly, we vacate the sentence imposed and remit the matter to Supreme Court for the filing of a predicate felony offender statement and resentencing in accordance with the law. Based upon our determination, we do not address defendant's challenge to the severity of the sentence[*4].
Aarons, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.